When there is Federal constitutional error, as there was in this case, a reversal of the conviction and the order of a new trial is required unless the error was harmless under the test—for harmless constitutional error— set down by the Supreme Court of the United States. The standard is that a reversal must occur if "there is a reasonable possibility that the evidence complained of might have contributed to the conviction” (Fahy v Connecticut, 375 US 85, 86-87). As with the requirement of proof of guilt beyond a reasonable doubt, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt” (Chapman v California, 386 US 18, 24). These words were carefully articulated to provide a workable standard, and it is apparent that they were intended to place a heavy burden on one seeking to demonstrate that an error was harmless. Indeed, as this court *228 has recognized, it is "perhaps the most demanding test yet formulated” (People v Crimmins, 36 NY2d 230, 241). Considering the trial under scrutiny, it is respectfully urged that the record does not support the majority’s conclusion that the error was harmless under this most rigorous test.
While the Trial Justice stated in his findings that he credited the testimony of Mr. Edwards, the complaining witness, he also made extensive use of the evidence that resulted from the unlawful search. The majority, however, places unwarranted emphasis on the fact that the Edwards’ testimony was independent of the unlawful search. The proper significance of the evidence complained of is that it revealed to the trier of the facts that defendants were in possession of articles relating to the crime, including proceeds of the robbery and a machete, the latter item lending support to Edwards’ story that it was these defendants who made a small cut on his throat with a machete. That this evidence was separate and apart from Edwards’ testimony in no way negates its part in the picture presented to the Trial Justice. He was both Judge and jury and, while he may have harbored some doubts concerning the testimony of Edwards, any doubts were certainly disspelled by the physical evidence which is always likely to be more persuasive and which undoubtedly sealed the lid on the People’s case.
If the standard was simply whether it is possible to subtract out the tainted evidence and still arrive at a guilty verdict, one could accept the majority’s conclusion, but a "legal residuum” rule has no applicability or validity here. The test is far more exacting. To repeat: "The question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction” (Fahy v Connecticut, supra, pp 86-87 [emphasis added]). In the instant case, not only is it reasonably possible, indeed it is very likely, not merely that such evidence "might have contributed”, but that it was in actuality a substantial factor in the conviction.
There can, of course, always be a difference of opinion on the question of whether evidence contributed to a conviction, and hence whether an error is harmless, but that is only half the problem in this case. The real danger with the majority’s analysis is that it provides a model by which an appellate court may separate out the tainted evidence, examine the permissible evidence,and virtually ignore the possibility that the tainted evidence might have contributed to the conviction. *229 Such a concept bears close resemblance to and is basically no different than the harmless error doctrine or standard in regard to nonconstitutional error adopted by this court in People v Crimmins (36 NY2d 230, supra), and explained in this fashion: "What is meant here, of course, is that the quantum and nature of proof, excising the error, are so logically compelling and therefore forceful in the particular case as to lead the appellate court to the conclusion that 'a jury composed of honest, well-intentioned, and reasonable men and women’ on consideration of such evidence would almost certainly have convicted the defendant” (pp 241-242). By its holding the majority has in effect given license to the prosecutor to commit constitutional error in any case where he feels there is overwhelming independent evidence to support the conviction because, under the majority’s formulation, the additional conclusive evidence can be separated out by the appellate court as long as the remaining proof is from "a source of evidence entirely independent of the taint” (p 227) and, of course, overwhelmingly persuasive. This is the great vice of the rule, apart from its misapplication of Chapman and Fahy.
The instant case adapts well to the majority’s analysis, but the mechanism created will fit neatly into many future cases. That this case was tried before a Judge without a jury should not negate the principles involved. Indeed, the influence of the tainted proof is all the more obvious in this case from the Trial Justice’s findings. The test laid down by the Supreme Court is whether the tainted evidence might have contributed to the conviction, and not whether the remaining evidence is independent of the taint. The tainted and the untainted evidence present a composite picture, and the appellate courts should not cull out the tainted evidence, and, upon examining the new sparser picture, reach its own conclusion as to what verdict would have been reached by a jury or even a Trial Justice. That, it is submitted, is the effect of the majority’s holding, for it simply cannot be said that the testimony of the victim and the tainted physical evidence were not, at the very least, coequal contributors to defendants’ conviction in this case.
Accordingly, the order of the Appellate Division, remanding the matter for a new trial, should be affirmed.
Judges Jasen, Gabrielli, Jones, and Wachtler concur with *230 Chief Judge Breitel; Judge Cooke dissents and votes to affirm in a separate opinion in which Judge Fuchsberg concurs.
Orders reversed and the matters remitted to the Appellate Division, First Department, for further proceedings in accordance with the opinion herein.